UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELVIN WASHINGTON,<br>    Plaintiff,<br><br>v.<br><br>JOHN BLACKMORE, et al.,<br>    Defendants. | CIVIL ACTION NO.<br>3:08cv632 (SRU) |

## ORDER DISMISSING CASE

In this suit, filed pursuant to 42 U.S.C. § 1983, *pro se* plaintiff Melvin Washington raises four claims against the defendants, New Britain police officers John Blackmore and John Gonzalez, New Britain Police Chief William Gagliardi, and the City of New Britain, alleging claims for: violation of his Fourteenth Amendment right to equal protection under the law; false arrest and unreasonable search and seizure under the Fourth Amendment; and a *Monell* claim for municipal liability.  After undertaking an independent review of the relevant facts and procedural posture of Washington's parallel state court proceeding, I have determined that Washington's claims must be dismissed, *sua sponte*, on the basis of res judicata pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii).

At the motion hearing held March 18, 2009, both the plaintiff and counsel for the defendants agreed that the state court case raised identical claims arising out of the same factual circumstances as have been alleged in this federal suit.  Washington's state court suit, filed prior to initiating this pending federal suit, raised eight claims against the same four defendants, including claims for false arrest and unreasonable seizure under the Fourth Amendment, violation of equal protection under the Fourteenth Amendment, and a *Monell* claim for municipal liability.  On November 10, 2008, Superior Court Judge Edward S. Domnarski granted the

defendants' motion for summary judgment on all claims and denied Washington's cross-motion for summary judgment. Washington timely appealed that ruling to the Connecticut Appellate Court, which has not yet issued its decision.

When determining the preclusive effect of a state court judgment, a court must apply the preclusion law of the rendering state. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Under Connecticut law, res judicata, or claim preclusion, applies to bar litigants from reasserting claims that have already been decided on the merits between the same parties or their privies. *Dowling v. Finley Assocs., Inc.*, 248 Conn. 364, 373 (1999).

> The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made.

*Powell v. Infinity Ins. Co.*, 282 Conn. 594, 600 (2007) (internal quotation and alteration omitted). Connecticut employs the "transactional" approach to determine whether a subsequent suit is barred by res judicata. "In applying the transactional test, we compare the complaint in the second action with the pleadings and the judgment in the earlier action." *Id.* at 604.

Comparing Washington's federal complaint with his state court complaint and Judge Domnarski's summary judgment ruling, it is clear that he is raising identical claims, against identical defendants, which were decided against him on the merits in state court.

The fact that Washington's suit remains pending on appeal before the state appellate court is of no moment. Under Connecticut law, the judgment of a trial court is considered "final" for

purposes of res judicata, even where the case remains pending on appeal. *Enfield Fed. Sav. & Loan Ass'n v. Bissell*, 184 Conn. 569, 573 (1981) ("In Connecticut, this court has held the judgment of a trial court to be final, despite a pending appeal, when the issue was . . . the applicability of the rules of res judicata.") (citing *Salem Park, Inc. v. Town of Salem*, 149 Conn. 141, 144 (1961)).

Because the state court has reached a final judgment on the merits of the exact claims raised in this federal suit, res judicata bars Washington's identical federal claims, despite the fact that his case is still pending appeal. Therefore, all his claims must be dismissed for failure to state a claim upon which relief can be granted. *See* Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss [a case filed in forma pauperis] at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

This ruling should not be taken as an assessment on the merits of Washington's claims. In the event the Connecticut Appellate Court vacates the lower court's summary judgment ruling, Washington may reopen this case to pursue his claims on the merits in federal court.

For the foregoing reasons, the plaintiff's claims are dismissed and the clerk is directed to close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 27th day of May 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge