# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MELVIN C. WASHINGTON,
    Plaintiff,

v.

JOHN BLACKMORE, et al.,
    Defendants.

CIVIL ACTION NO.
3:08cv632 (SRU)

## ORDER DENYING MOTION FOR RECONSIDERATION

The plaintiff, Melvin C. Washington, appearing *pro se*, moves for reconsideration of the court's order denying his motion to reopen his case. In that order, I ruled that, under the *Rooker-Feldman* doctrine, the court lacked subject matter jurisdiction to adjudicate Washington's case. Washington now argues that his case is not barred by *Rooker-Feldman* because his claims in federal court are distinct from the claims he lost in state court; therefore, he is not seeking district court review of the state court's judgment. But even assuming that Washington is correct that his claim is not barred by *Rooker-Feldman*, his claims are precluded by *res judicata*.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under Connecticut law:

> The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or *which might have been made.*

*New England Estates, LLC v. Town of Branford*, 294 Conn. 817, 842 (2010) (quotation omitted)

(emphasis in original). Connecticut courts have adopted a transactional test for determining whether an action involves the same claim as an earlier action and is thus precluded by *res judicata*.

> The claim that is extinguished by the judgment in the first action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*DiPietro v. Farmington Sports Arena, LLC*, 123 Conn. App. 583, 590-91 (2010) (quoting *Orselet v. DeMatteo*, 206 Conn. 542, 544-46 (1988)). That transactional test bars a plaintiff from alleging claims against the defendants in a second action "relating to the [first] cause of action that might have been made." *Id.* at 591. And, although its nomenclature suggests that the doctrine applies in commercial cases, the transactional test applies in section 1983 and other civil rights cases. *E.g.*, *New England Estates*, 294 Conn. at 844-45.

Washington argues that his federal suit is not precluded by *res judicata* because his federal claims are distinct from the claims he lost in state court. In particular, Washington maintains that the claims he is pursuing in federal court relate to his seizure aboard his school bus on May 16, 2005, and that his case in state court concerned his arrest and prosecution *after* leaving the bus that day. Mot. to Reconsider (doc. # 29) 4. But Washington's claims regarding the deprivation of his constitutional rights while he was seated on the school bus are a part of the same "transaction" as his claims in state court for the deprivation of his rights after he left the bus. They are all a part of the same sequence of events forming his seizure and eventual

prosecution.  The initial stop of Washington while he was on the bus was essential to his claims arising after he was escorted off the bus — the latter violations of Washington's rights could not have happened without the officers first stopping him.  The allegations in Washington's federal court action "are related in time, space, origin, or motivation" and would "form a convenient trial unit" with his state court action.  *DiPietro*, 123 Conn. App. at 590.  Washington could have raised his current cause of action in state court; as a result, his claims are precluded by *res judiciata*.

Washington asserts, however, that the state court decision was infected with bias and, therefore, *res judicata* should not bar his claim because he did not receive a full and fair opportunity to litigate his claims.  *See Gooden v. Connecticut*, No. 3:08cv1282 (JCH), 2009 WL 2407549, at *3 (D. Conn. Aug. 3, 2009) ("The court must consider whether [the plaintiff] actually had an adequate opportunity to litigate his claims in the prior proceeding" before dismissing a claim on *res judicata* grounds).  In his motion to stay (doc. # 10), Washington had previously alleged that the state court was biased; he now relies on that claim to prove that the state court judgment should not be entitled to preclusive effect.  Washington's evidence consists of the state trial court judge's denial of Washington's recusal motions, examples where the state court granted discretionary motions in the defendants' favor, and general assertions that the state court was partial to the defendants and biased against minority plaintiffs.

Judicial bias is not lightly assumed, and Washington faces a high threshold in proving that the state court judgment was infected by collusion or fraud.  The evidence he has supplied does not approach that level.  "[J]udicial rulings alone," such as the state court's rulings on motions, "almost never constitute a valid basis for a bias or partiality motion" to disqualify a

judge or, in this case, deny a judgment preclusive effect. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

> In and of themselves (i.e., apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* Washington has not proven that the state court reached its decisions on anything other than the allegations and facts of his case. The state court judgments therefore have preclusive effect and Washington's federal case is barred by *res judicata*.

Washington's motion for reconsideration (doc. # 29) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14th day of February 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge